UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VINCENT BURLINGAME, et al., | |
| Plaintiffs, | 2:11-CV-00960-PMP-RJJ |
| v. | |
| LAS VEGAS SANDS CORPORATION, et al., | PROTECTIVE ORDER |
| Defendants. | |

Having read and considered the parties' proposed Stipulated Protective Order (Doc. #47), filed under seal on September 8, 2011, and all prior filings and proceedings related thereto, the Court hereby enters the following Protective Order:

1. Definitions of terms used in this Order are:

    A. "Proceeding" means the Civil Action No. 11-00960, <u>Burlingame et al. v. Las Vegas Sand Corp., et al.</u>

    B. "Protected Family" means the Chief Executive Officer ("CEO") of Las Vegas Sands Corp. ("LVSC") and all of the CEO's family members who receive protective services from the LVSC's Executive Protection Team ("EPT").

    C. "AdFam" means Interface Operations LLC dba AdFam.

    D. "Confidential Information" includes the following:

        i. the number of security members serving on the EPT;

        ii. the times of day when the EPT changes shift;

     iii. the operational job responsibilities of the EPT (excluding administrative topics);

     iv. descriptions of operational security policies and procedures of the EPT (excluding administrative topics);

     v. descriptions of EPT security training;

     vi. the specific assignments for individual EPT agents (i.e., which agents are assigned to protect which family members);

     vii. whether EPT agents are armed or unarmed;

     viii. the types and number of weapons used by members of the EPT;

     ix. the geographic locations where security services are/were performed;

     x. any personal information not previously disclosed publicly concerning the home addresses and the identities and ages of EPT members and their family members; and

     xi. information regarding the destinations and accommodations recurrently visited by members of the Protected Family and their means of travel.

2. The protections conferred by this Order cover Confidential Information found in documents produced, testimony taken in depositions, exhibits, interrogatory answers, and responses to requests for admission, and shall not be publicly disclosed in this litigation unless upon stipulation of the parties or otherwise ordered by the Court.

3. Documents produced and exhibits used by a party to this Proceeding may be designated by that party as Confidential Information by stamping on the face of each document the legend: "CONFIDENTIAL."  In lieu of marking the original of a document, the designating party may mark the copy that is produced or exchanged.

4. Portions of deposition transcripts that discuss Confidential Information may be designated as Confidential Information either before the testimony is recorded or during the deposition as testimony is given. In addition, after the conclusion of a deposition, and within 21 calendar days of receipt of the transcript, the parties may review the transcripts and determine, in good faith, if any further parts of the transcript should be designated as Confidential Information, and notify all parties of any additional designations. If a party intends to publicly file portions of the transcript or otherwise make them available to the public before the expiration of the 21 calendar day period, the party intending to publicly file or otherwise make available portions of the transcript must, in good faith, notify opposing counsel, and request an expedited review of the transcript. Under no circumstance will a party publicly file or otherwise make available portions of a deposition transcript before the expiration of the 21 calendar day period, without first requesting the above expedited review of the deposition transcript from opposing counsel. The transcript of the testimony containing Confidential Information shall be bound in a separate volume and marked by the reporter as "CONFIDENTIAL."

5. Unless otherwise ordered by the Court, Confidential Information shall not be disclosed or made available to persons other than (i) this Court; (ii) any appellate court; (iii) members of any jury panel or jury that hears this case; (iv) the party that designated the document or information as Confidential Information; (v) counsel for the parties and the secretarial and clerical personnel of counsel to whom disclosure of Confidential Information is necessary for purposes of this Proceeding; (vi) the Plaintiffs or Defendants; (vii) deponents during a deposition; (viii) witness during a trial or hearing; (ix) independent third party consultants and experts and their staff retained by a party or by a party's counsel in connection with this Proceeding, each of whom, prior to receiving any Confidential Information, has been provided with a copy of this Order and has executed a confidentiality affidavit in the form of Exhibit A attached hereto; (x) authorized persons taking or

1 recording testimony involving Confidential Information and necessary stenographic and
2 clerical personnel; and (xi) persons identified by counsel, acting in good faith, as potential
3 fact witnesses, after the fact witness has executed and delivered to counsel a statement in
4 the form annexed hereto as Exhibit A.

5       6. Confidential Information filed with the Court must be filed under seal in
6 accordance with Local Rule of the U.S. District Court for the District of Nevada 10-5(b).

7       7. Persons allowed to view or hear about Confidential Information shall not
8 disclose contents of or anything about the Confidential Information to any person who is
9 not set forth in Paragraph 5 above.

10       8. Nothing herein shall prevent disclosure if the party designating the
11 information as Confidential Information consents to such disclosure, or if this Court, or any
12 court to which this case is transferred or appealed, after notice to all affected parties, orders
13 disclosure.  Nor shall anything herein prevent any counsel of record from utilizing
14 Confidential Information in the examination or cross-examination of any person who
15 created the Confidential Information, who is or was employed by the entity or person
16 producing the Confidential Information, who is shown on the face of the Confidential
17 Information to have received it, who has or at one time had knowledge of the Confidential
18 Information, or who is authorized to review the Confidential Information under the terms of
19 this Order in a deposition or trial irrespective of which party may have produced the
20 information.

21       9. The inadvertent or unintentional production of documents containing
22 Confidential Information not so designated at the time of the production or disclosure, shall
23 not be deemed a waiver in whole or in party of a party's claim of confidentiality either as to
24 the specific document produced or as to any other document relating thereto on the same or
25 related subject matter.

26       10. If a designating party gives notice to a receiving party that certain

inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving party are those set forth in the Federal Rule of Civil Procedure 26(b)(5)(B).

11. In the event a party does not agree that information designated as Confidential Information should be treated as Confidential Information under this Order, that party shall serve a written objection upon the party that designated such information Confidential Information. This written objection shall specify the information in question and the grounds for the objection. The written objection shall be made on the other party within 20 calendar days of the date the information designated as Confidential Information is produced to the objecting party. The parties then will attempt to resolve the matter informally. If the matter cannot be resolved between the parties, then the party designating the information as Confidential Information may file a motion with the Court to resolve the dispute as to whether the information is Confidential Information under this Order. The parties shall file under seal the designated Confidential Information that is the subject of the objection. The motion shall be filed within 20 calendar days of receipt of the written objection. Any information designated Confidential Information shall continue to be treated as Confidential Information subject to this Order until this Court holds otherwise. If the parties do not informally resolve the dispute and no motion is filed by the designating party, then the information that was timely objected to by the other party no longer will be deemed Confidential Information under this Order.

In the event a motion is filed, this Order shall not affect the burden of proof with respect to the motion, or impose any additional burdens upon any party that would not exist had the Order not been entered.

12. The authorization contained herein for the parties to designate any information as Confidential Information is intended solely to facilitate the preparation and trial of this Proceeding, and the designation shall not be construed in any way as an

admission or agreement that the information constitutes or contains confidential or private information.  However, irrespective of whether the information contains or constitutes confidential or private information, all information designated Confidential Information shall not be disclosed or used by the receiving party except pursuant to the specific provision of this Order or any other order this Court may issue.

13.  This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing discovery.

14.  In the event either party is required by law, regulation or order of any judicial, governmental or administrative body to disclose or produce Confidential Information, the party being so required to disclose or produce Confidential Information shall give 15 calendar days prior written notice by certified mail to the other party addressed to the attorney of record herein, of such potential disclosure or production, unless the law, regulation or order requires disclosure sooner, in which case notice shall be given to the other party's attorney of record herein by telephone as soon as practicable.

15.  A party may object at any time during a court proceeding in this litigation to the disclosure of any information a party insists is Confidential Information covered by this Order.  In the event a party knowingly intends to disclose Confidential Information at a court proceeding in this litigation, the party intending to do so shall give notice to the opposing parties prior to disclosing the Confidential Information in sufficient time to enable opposing parties to object to disclosure before this Court.

16.  Upon final adjudication of the claims asserted in this Proceeding, unless otherwise agreed to in writing by the parties, the parties shall assemble and either return to the producing party or destroy all of the other party's documents that remain designated as Confidential Information pursuant to this Order, including all copies of the documents.

17.  Even after the termination of the Proceeding, the confidentiality obligations imposed by this Order remain in effect until the parties agree otherwise in writing or a court

order otherwise directs.  The Court shall retain jurisdiction after termination of this lawsuit to enforce this Order and to make amendments and modifications to this Order as may be appropriate.

18.  This Order may be modified by the parties only if the modifications are in writing, signed by the parties, and approved by the Court.

DATED: September 14, 2011

_____
PHILIP M. PRO
United States District Judge